IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL CLARK, # K-98637, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-54-JPG |
| ) | |
| MR. PILKER, MR. KORANDO, ) | |
| MR. HILLERMAN, ) | |
| and MR. CARTWRIGHT, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Pontiac Correctional Center ("Pontiac"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claim arose while he was confined at Menard Correctional Center ("Menard"). Plaintiff is serving a nine-year sentence for a drug offense. He claims that three of the Defendants used excessive force against him after he had attempted suicide.

Plaintiff states that on September 11, 2013, he told Defendant Korando (a correctional officer) that he needed to speak to somebody from mental health (Doc. 1, p. 12). Defendant Korando ignored this request and told Plaintiff to write a grievance. Plaintiff then tied a bed sheet to his cell bars and put the other end around his neck in an attempt to hang himself. When Defendant Korando returned for a cell check, he saw Plaintiff hanging by his neck, but walked on past the cell (Doc. 1, p.13). He returned in a couple of minutes and grabbed the sheet, then tried to strangle Plaintiff while yelling racial insults at him. The shouting woke up Plaintiff's cellmate, who told Defendant Korando to get off Plaintiff and go get him some help. At that

point, Defendant Korando called for Defendant Pilker (supervising sergeant) on his radio.

Defendants Korando and Pilker took Plaintiff, in handcuffs, to a room in the health care unit. They told him to bend over, put his chin on the hospital bed, and look straight at the wall (Doc. 1, p. 14). Plaintiff complied, and Defendant Korando squeezed the back of Plaintiff's neck, pushing him down on the mattress while holding his handcuffs. Then Defendant Pilker repeatedly kicked Plaintiff in the buttocks. During this attack, Defendant Pilker commented that they "ain't about to be saving no ni***rs from killing they self [sic]." *Id*.

Defendant Cartright (supervising lieutenant) arrived some 15 minutes later, and began choking Plaintiff with both hands around his neck, cursing him with racial insults. He shoved Plaintiff, causing him to strike his elbow on the sink, then picked him back up, choked him again, and spit in his face.

Eventually these three Defendants took Plaintiff to mental health. When Defendant Doctor Hillerman arrived, Plaintiff asked to speak with him alone (Doc. 1, p. 15). However, he directed Plaintiff to talk to him in the presence of the three other Defendants or he could return to his cell. Plaintiff told Defendant Hillerman that he was "feeling suicidal and homicidal because the C/O's just jumped on [him] for no reason," and he was depressed over being unable to contact his family and kids. *Id*. Defendant Hillerman ended the conversation and told the three Defendant officers that Plaintiff could go back to his cell, or to the cell that they had for him.

Defendants Korando, Pilker, and Cartwright took Plaintiff to a different cell with no working water, no personal property, and no ventilation, and refused his request to get his inhaler (Doc. 1, p. 16). The next day, another doctor (Dr. Whiteside, who is not a Defendant) placed Plaintiff on suicide watch (apparently in a different cell) after he told her he was feeling suicidal and homicidal. At some point, Plaintiff was transferred from Menard to Pontiac.

Plaintiff seeks damages for the violations of his constitutional rights.  It also appears that he wishes to assert a claim for "assault and battery," and for official misconduct in violation of 42 U.S.C. § 14141(Doc. 1, p. 12).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable Eighth Amendment claim against Defendants Korando, Pilker, and Cartwright for the excessive use of force **(Count 1)**.  In addition, based on these same facts, he may proceed on a state law battery claim against Defendants Korando, Pilker, and Cartwright **(Count 2)** pursuant to this Court's supplemental jurisdiction.  28 U.S.C. § 1367(a).

However, Plaintiff cannot maintain a private cause of action for official misconduct under 42 U.S.C. § 14141 **(Count 3),** nor has he stated a claim for unconstitutional conditions of confinement **(Count 4)**.  Further, his allegations against Defendant Hillerman fail to state a claim upon which relief may be granted.  Counts 3 and 4, and Defendant Hillerman shall be dismissed from the action for the following reasons.

**Dismissal of Count 3 – Official Misconduct**

The statute cited by Plaintiff, 42 U.S.C. § 14141, provides that the Attorney General may seek equitable and declaratory relief in a civil action, in order to eliminate a pattern or practice of violations of constitutional rights on the part of law enforcement officers.  This statute does not authorize a private citizen to bring a suit seeking damages for official misconduct.  Instead, Plaintiff's recourse is a suit under 42 U.S.C. § 1983 over violations of his constitutional rights by

officials who have acted under color of state law.  As stated above, he may proceed with this § 1983 action as to his claims in Count 1.  Count 3 shall be dismissed with prejudice.

**Dismissal of Count 4 – Cell Conditions**

It is not clear whether Plaintiff intended to assert a separate claim over the conditions in the cell where he was taken immediately after he left Defendant Hillerman's office.  However, the complaint does not indicate that his short-term placement in a cell with poor ventilation and no water amounted to an Eighth Amendment violation.  Plaintiff's allegations indicate that he spent approximately a day or less in this cell, until he was placed on suicide watch.  He does not state that he suffered any physical problems due to the conditions or because he lacked access to his inhaler and other personal items.  Mere discomfort and inconvenience, such as Plaintiff describes here, do not implicate the Constitution.  *See Caldwell v. Miller*, 790 F.2d 589, 600-01 (7th Cir. 1986).  Accordingly, the facts regarding this temporary cell placement do not support a claim upon which relief may be granted, and Count 4 shall be dismissed with prejudice.

**Dismissal of Defendant Hillerman**

According to Plaintiff's factual allegations, Defendant Hillerman was not present at any time while Defendants Korando, Pilker, and Cartwright choked and kicked him.  He thus was not in a position to intervene to stop the attack, nor does it appear that Plaintiff reported to him the details of what those Defendants had done.  Even if he had been fully aware of the events preceding Plaintiff's visit to his office, Defendant Hillerman had no personal involvement in the attack, and thus no liability for any use of excessive force by the other Defendants.  *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (in order to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right") (internal quotations omitted).  Therefore, the complaint does not present any basis to hold Defendant

Hillerman liable for the excessive force or battery claims.

It is not clear what claim Plaintiff intends to assert against Defendant Hillerman. If Plaintiff believes that Defendant Hillerman should have placed him on suicide watch (as was done the next day by a different doctor), the facts do not support a claim for deliberate indifference to his medical/mental health needs. A prisoner's disagreement with a physician's chosen course of action regarding medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (courts will not takes sides in disagreements about medical personnel's judgments or techniques); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). Further, a difference of opinion between medical professionals concerning the treatment of an inmate, such as is apparent from Dr. Whiteside's decision to place Plaintiff on suicide watch when Defendant Hillerman declined to do so, will likewise not support a claim for deliberate indifference. *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006); *see also Garvin*, 236 F.3d at 898.

The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). From Plaintiff's description of his conversation with Defendant Hillerman, it does not appear that he disclosed the fact he had made an actual suicide attempt, nor did he describe the physical attacks on him by the other Defendants. Without these facts, it was not obvious that Plaintiff's safety was in danger. Even if Defendant Hillerman's decision not to place Plaintiff on suicide watch could be considered negligence or malpractice, such misconduct falls short of a constitutional violation. *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997). *See also Snipes v. DeTella*, 95 F.3d 586, 590 (7th

Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference.").

To summarize, Plaintiff has stated no cognizable claim against Defendant Hillerman, and he shall be dismissed from the action.

**Pending Motions**

Plaintiff's motion and amended motion for recruitment of counsel (Docs. 3 & 8) shall be referred to the United States Magistrate Judge for further consideration.

On January 22, 2014, the Court ordered Plaintiff to provide additional trust fund account information in order to comply with the PLRA and enable the Court to rule on his motion to proceed *in forma pauperis* ("IFP") (Doc. 5).  Plaintiff filed a motion on January 27, 2014 (docketed as a motion for status at Doc. 7), asking the Court to request the account statement from Pontiac because the prison refused to provide it to him.

The motion for status (Doc. 7) is **GRANTED** as follows:  The order at Doc. 5 was sent to the Trust Fund Officer at Menard on January 22, 2014, and the Court expects to receive Plaintiff's trust fund statements from that prison to cover most of the relevant time period. Plaintiff already submitted a statement from Pontiac showing transactions from his intake there on 11/7/13, through 1/3/2014 (Doc. 2, p. 6).  Based on that statement, no further information is needed from Pontiac at this time.  The Court shall rule on Plaintiff's IFP motion (Doc. 2) as soon as the trust fund information is received from Menard.

**Disposition**

**COUNTS 3 and 4** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.  Defendant **HILLERMAN** is **DISMISSED** from this action without prejudice.

As to **COUNTS 1 and 2**, the Clerk of Court shall prepare for Defendants **PILKER, KORANDO,** and **CARTWRIGHT**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motions for recruitment of counsel (Docs. 3 & 8).

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 7, 2014**

*s/ J. Phil Gilbert*
United States District Judge