UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DANIEL CLARK,

    Plaintiff,

        v.

MR. PILKER, MR. KORANDO, MR HILLERMAN and MR. CARTWRIGHT,

    Defendants.

Case No. 14-cv-54-JPG-PMF

## **MEMORANDUM AND ORDER**

    This matter comes before the Court for case management purposes. Plaintiff Daniel Clark signed his complaint on January 10, 2014, and it was received and docketed on January 15, 2014 (Doc. 1). The Court has allowed the plaintiff to proceed without prepayment of fees and has assessed an initial partial filing fee of $6.38 pursuant to 28 U.S.C. § 1915(b)(1) (Doc. 17). The Court calculated this filing fee after considering the average monthly balance or deposits in the plaintiff's account for the six-month period immediately preceding the filing of the complaint. The plaintiff began that period with a balance of $96.77. Since then, he received a gift of $40.00 from outside the institution, but spent the vast majority of his trust fund account, including spending more than $76.00 on commissary purchases. This left him with a balance of $1.67 when he filed this suit.

    On May 20, 2014, Magistrate Judge Philip M. Frazier ordered the plaintiff to pay on or before July 18, 2014, the $6.38 initial partial filing fee assessed at the outset of this case or show that he had no assets and no means to pay that sum (Doc. 36). Since that order, the plaintiff has not made any payments toward his initial partial filing fee and has not made any effort to show he has no assets or means to pay the fee.

    It is clear that within the six months before the plaintiff filed this suit, including September

2013, the time of the incident at issue in this case, he was capable of paying $6.38 to the Court. At that time he should have anticipated the need to file a lawsuit and expected to be liable for this sum in light of the balances in his account in the six months prior to filing suit; he could have easily calculated the initial partial filing fee (or at least a ballpark figure) based on his account history and the formula set forth in the statute. *See* 28 U.S.C. § 1915(b)(1). Nevertheless, the plaintiff depleted his account – including spending more than $76.00 on commissary items – until he no longer had sufficient funds to pay the fee due. He must pay the consequences of his spending choices. "Requiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state." *Roller v. Gunn*, 107 F.3d 227, 233 (4th Cir. 1997), *quoted in Miller v. Hardy*, 497 Fed. App'x 618, 621 (7th Cir. 2012).

Furthermore, the plaintiff failed to show he is currently indigent and cannot pay the assessed fee. The statute allowing plaintiffs to proceed *in forma pauperis* states that the Court "shall assess, and when funds exist, collect" the initial partial filing fee. 28 U.S.C. §1915(b)(1). The Court believes it is appropriate to place on the plaintiff the burden of proving that sufficient funds do not exist to collect an assessed fee. The plaintiff is usually the only party to know the state of his trust fund account and certainly has the greatest interest in proving when funds do not exist. In this case, in response to Magistrate Judge Frazier's May 20, 2014, order, Clark had an opportunity to show that he did not have sufficient funds to pay his initial partial filing fee by submitting a trust fund account statement for the entire period the case has been pending (the trust fund statements the plaintiff has submitted only go up to January 14, 2014, when he filed this lawsuit). The plaintiff tendered no evidence of current indigency. Therefore, he has failed to carry his burden of showing sufficient funds did not exist, and the Court must collect the fee or dismiss this case.

However, rather than dismissing the case at the present time, the Court will give the plaintiff additional time to pay the balance of the fee due and will stay this case in the meantime. Accordingly, the Court:

- **ORDERS** that the plaintiff shall have up to and including September 5, 2014, to pay the entire initial partial filing fee of $6.38;

- **STAYS** this case until further order of the Court; and

- **WARNS** the plaintiff that if he does not pay the entire initial partial filing fee of $6.38 by September 5, 2014, the Court will dismiss this case without prejudice.

**IT IS SO ORDERED.**
**DATED:   August 7, 2014**

                                                          s/J. Phil Gilbert
                                                          **J. PHIL GILBERT**
                                                          **DISTRICT JUDGE**